## J. A. Hangum v. The State.

### No. 4076.   Decided February 26, 1908.

**1.—Forgery—Representation by Attorney.**

Where upon appeal from a conviction of forgery, the record did not show an objection on trial, or request for postponement or bill of exceptions of the complaint that appellant was not represented by counsel; nor was the motion for new trial setting up this matter verified by affidavit, the same could not be considered.

**2.—Same—Consent—Sufficiency of Evidence.**

Where upon trial for forgery, the person whose name was alleged to have been forged swore positively that the defendant signed the alleged check without his authority or consent, and there was some testimony controverting this issue, the matter became a question of fact for the jury, and the verdict will not be disturbed.

Appeal from the District Court of Howard.   Tried below before the Hon. James L. Shepherd.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was indicted in the District Court of Ector County on a charge of forgery.   He was convicted under such charge, and his punishment assessed at two years confinement in the penitentiary.

The motion for a new trial raises two questions only:   One of them is to the effect, in substance, that through no fault of his own he was at the last moment left without an attorney to represent him on his trial; that he had previously employed an attorney, but that he had failed to appear to represent him, and the court had to appoint an attorney, who had but a short time to investigate the case and to develop the testimony in his favor.   This motion also averred that if a new trial was granted that appellant verily believed that he could secure counsel and fully establish his innocence at another trial of this case.   The matter is not presented in such way that it could be considered here.   There is no objection made to the proceeding of the trial; no request for a postponement thereof, nor any bills of exception saved covering this matter; nor is the motion for a new trial even verified by the affidavit of appellant. Clearly under all the rules and decisions of this court this matter cannot be considered.

The next contention is that the veridct of the jury is contrary to the law and the evidence, in that the facts show that appellant claimed to have the authority of W. W. O'Neal to sign his name to the check alleged to have been forged.   We have carefully examined the state-

ment of facts, and from this statement it appears by the testimony of W. W. O'Neal that he never at any time had authorized appellant to sign his name to the check alleged to have been forged, or any other check, and that if appellant signed such check it was without his authority or consent. His testimony is positive and unequivocal. On cross-examination an effort was made to impeach him by conversations claimed to have been had with F. A. Judkins and Judge Wilson. Judge Wilson testified in respect to this matter, as follows: "Mr. O'Neal told me that he did not give him (appellant) authority to sign these checks, but if he had gotten to Mangum before he was arrested he never would have been arrested." The witness Judkins testified, that when he first asked O'Neal if it was a fact that he ever gave appellant permission to sign his name to checks or any papers to get money, he first denied it and said he never had, but that he talked to him a while longer and told him what appellant said about it, and O'Neal said it was possible he might have done it, but if he ever told him any such thing he was drunk, and that he did not remember anything about it, but said he would not swear whether he did or not. That appellant signed O'Neal's name to the check and secured money on the same was not denied. In addition to this, other checks on the same bank issued by appellant in the name of O'Neal were introduced in evidence. The case is clearly and distinctly a fact case. No complaint is made to the charge of the court, nor is the same subject to any reasonable or fair criticism. The jury have found adversely to appellant, and while from the record his contention of authority from O'Neal seems not wholly without some warrant, we cannot say that the evidence is so manifestly against the weight of the testimony as that it ought to be set aside.

It is therefore ordered that the judgment of the court below be and the same is in all things affirmed.

*Affirmed.*